T.C. Memo. 1999-58

UNITED STATES TAX COURT

KATHERINE JEAN HARKLESS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21570-97.                     Filed March 1, 1999.

Katherine Jean Harkless, pro se.

<u>Frederick J. Lockhart</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for 1995 and 1996 in the amounts of $1,318 and $1,743, respectively.

The issues for decision are: (1) Whether petitioner is entitled to claim head of household filing status for the taxable years in issue, and (2) whether petitioner is entitled to earned income credits for the taxable years in issue.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Evans, Colorado, on the date the petition was filed in this case.

Petitioner was married to Tristrim Robert Harkless on January 13, 1984. She was still married to Mr. Harkless and resided with him and their daughter, Brook Harkless, at their home in Evans, Colorado, during her entire 1995 and 1996 taxable years.

The first issue for decision is whether petitioner is entitled to claim head of household filing status for the taxable years in issue. Section 2(b)(1) provides that "an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year". Petitioner was married and resided with Mr. Harkless during her entire 1995 and 1996 taxable years. They were not legally separated under a decree of divorce or of separate maintenance at any time. Therefore, she is not treated as not married under

section 2(b)(2)(B) or section 2(c).  Sec. 7703(b).  Petitioner argues, however, that she should be treated as not married as of the close of each of the taxable years in issue under section 2(b)(2)(C) because Mr. Harkless declared himself a nonresident alien on August 26, 1993.  We have reviewed Mr. Harkless' declaration.  It consists primarily of common tax protester arguments which have been summarily rejected by this Court for many years.  Despite his misguided views of his residency and citizenship, we find that Mr. Harkless was not a nonresident alien at any time during 1995 and 1996.  We hold that petitioner may not be treated as not married under section 2(b)(2)(C) and is not entitled to head of household filing status for the taxable years in issue.  We further hold that petitioner's filing status for the taxable years in issue is married filing separately.

The second issue for decision is whether petitioner is entitled to earned income credits for the taxable years in issue.  Section 32(d) provides that an individual who is married must file a joint return with her spouse for the taxable year in order for section 32 to apply.  We hold that petitioner is not entitled to earned income credits for the taxable years in issue because she did not file joint returns with Mr. Harkless for such years.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.